**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA,**

      **v.**                          **Criminal No.: 2:20cr00061**

**JOHN MALCOLM BARESWILL,**

            **Defendant.**

## POSITION OF THE DEFENDANT ON SENTENCING

COMES NOW the Defendant, John Malcolm Bareswill, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the Sentencing Guidelines and Policy Statements as well as this Court's Sentencing Order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-sentence Report and sets forth the following as his position on sentencing:

## OBJECTIONS TO THE PRE-SENTENCE REPORT

Mr. Bareswill, through counsel, has previously advised the probation officer and the government that he has no objections to the Pre-sentence Report.

## SECTION 3553 FACTORS

As the Supreme Court has long recognized, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).  With the United States Sentencing Guidelines now rendered "advisory only," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a

district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a case, "the Guidelines are not the only consideration." *Gall v. United State*s, 128 S. Ct. 586, 597 (2007), *see also*, *Kimbrough*, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court "*shall impose a sentence sufficient, but not greater than necessary*" to meet specified sentencing goals, including the goal of just punishment.  18 U.S.C. § 3553.  In determining the minimally sufficient sentence, §3553 directs sentencing courts to consider the following factors:

(1)    the nature and circumstances of the offense and the history and characteristics of Mr. Bareswill;

(2)    the need for the sentence imposed;

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of Mr. Bareswill; and

(D)    to provide Mr. Bareswill with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

2

(4)     the kinds of sentences and the sentencing range established for [the offense];

(5)     any pertinent policy issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597.  Moreover, the Supreme Court has specifically ruled that, in balancing the §3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough*, 128 S. Ct. at 564. *See Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or [that] the case warrants a different sentence regardless.")

Other statutes also give the district court direction in sentencing.  For instance, under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is ***not*** an appropriate means of promoting correction and rehabilitation (emphasis added). In sum, in every case, a sentencing court must consider *all* of the § 3553(a) factors, not

3

just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

## Introduction

John Bareswill is a man who has dedicated his life to service and to his family. His hard work and devotion led to a distinguished military career and success as a small business owner.  The crime to which Mr. Bareswill pleaded guilty is an aberration in an otherwise law-abiding life.  For these reasons, as well as the arguments below, a split sentence of six months incarceration and six months home confinement coupled with a fine, community service, and probation provides for a just punishment that is sufficient, but not greater than necessary, to fulfill the goals of § 3553.

## Nature and Circumstances of the Offense

Mr. Bareswill pleaded guilty to one count of violating 18 U.S.C. § 844(e).  The facts and circumstances of this offense are fully set forth in the Pre-sentence Report and Mr. Bareswill agrees that they are accurate.  There are, however, numerous factors which the Court should consider in mitigation Mr. Bareswill's sentence.

The mere minutes that it took for Mr. Bareswill to commit this heinous act are but a tiny fraction of the life of an otherwise honorable and decent man.  Mr. Bareswill truly regrets his actions and he accepts responsibility for them.  Mr. Bareswill wants the Court to know that he holds no hate or ill will for any person.  His time in jail has caused him to reflect inward, to ask himself how he put himself in this position, and what he can do to make amends.

In his letter to the Court, Mr. Bareswill explains that the protests that were occurring made him fearful.  He was worried about his business and the safety of his employees.  He felt overwhelmed and unsure of what to do and he reacted in a manner that does not reflect who he is in his heart.

By all accounts, Mr. Bareswill always upheld the highest moral and ethical standards.  He certainly never had any intention of acting on his words and at the time, he did not appreciate the gravity of those words.  Ironically, the very thing he was so worked up and worried about—the small business he spent years building from the ground up—was taken from him and closed down as a result of his actions.  On top of that, he is now a convicted felon facing federal prison.

These factors alone represent a significant punishment and weigh heavily in favor of mitigation. Mr. Bareswill pleaded guilty and takes full responsibility for his conduct and accepts whatever punishment the Court deems just.  Mr. Bareswill simply asks that the Court give these factors great weight in fashioning an appropriate and just sentence.

### History and Characteristics of Mr. Bareswill

Mr. Bareswill is 63 years old.  Mr. Bareswill has a long and distinguished record of service to his county and community.  He joined the United States Navy right out of high school and he honorably served his country for 24 years.  Mr. Bareswill's service included 17 years of sea duty and deployments in both Operation Desert Storm and Desert Shield.  He received numerous commendations and achievement medals during his years of service and was honorably discharged in 1999.

Upon retirement from the Navy, Mr. Bareswill went to work for Cox Communications in Virginia Beach.  He retired from that job in 2012 and embarked on his dream of owning his own business.  He started a UPS shipping franchise and for the next eight years, until the time of his arrest, Mr. Bareswill worked tirelessly to grow that business.   Immediately after his arrest, UPS corporate officials entered Mr. Bareswill's franchise, seized its computers and equipment, terminated Mr. Bareswill's contract with the company, and shut down his business.  He lost everything.

In addition to the loss of his livelihood, Mr. Bareswill has suffered embarrassment and ridicule from the publicity this case has generated.  Many people who know Mr. Bareswill have submitted letters to the Court on his behalf.  These letters are from family, friends, employees, and business associates.  They describe a man who is selfless and compassionate and who cares deeply about his community and the needs of others.  These letters paint for the Court a complete picture of Mr. Bareswill's true character; that of a selfless, resilient, kind, and caring person and, most of all, a truly devoted husband, father, and son.

Mr. Bareswill was raised in a loving family and his parents strove to instill in him and his siblings importance of service to the community and hard work and he in turn has strived to teach these things to his own children.  Mr. Bareswill deeply regrets the tremendous burden his actions have placed on his family.

He makes no excuses for his actions and he readily admits that he alone is responsible for his conduct.  He does not seek to place blame on anyone else for what he did and Mr. Bareswill is sincerely remorseful for the actions that now bring him

6

before this Court.  Though he knows that he brought this terrible situation upon himself and his family, it is essential that the Court consider the damage to his family that his actions have caused.

Mr. Bareswill will carry the stigma of this federal felony conviction and all of the attendant disabilities with him for the rest of his life.  All of these factors, albeit self-imposed, certainly mitigate the sentence which should be imposed upon him.  In addition, Mr. Bareswill suffered a significant financial consequence as a result of the closure of his business.

Mr. Bareswill realizes that his good character and his distinguished and unblemished service record do not entitle him to a free pass.  While commendable, these traits cannot make up for his role in this offense and he understands that he will not avoid punishment.  Mr. Bareswill asks, however that the Court consider the punishment he has already endured in mitigation of its sentence.  These factors, though not adequately accounted for in the guidelines calculations, weigh heavily in favor of a minimal sentence.  This misguided lapse in judgment is clearly out of line with Mr. Bareswill's true character and is inconsistent with the high moral and ethical standards by which he was raised and which he consistently exhibited in his personal and professional life.

This Court may, and indeed should, weigh heavily Mr. Bareswill's history of service and his generous and compassionate nature when fashioning is sentence.  *See United States v. Rita*, 551 U.S.  338, 365 (2007) (Stevens, J., concurring) (noting that the sentencing court may properly consider service to the public in fashioning its

sentence pursuant to the §3553(a) factors); *United States v. Cooper*, 394 F.3d 172, 178 (3d Cir. 2005) (noting that a downward departure may be appropriate if a defendant has demonstrated a history of exceptional good works in the community), *United States v. Adelson*, 441 F. Supp. 2d 506, 513-14 (S.D.N.Y. 2006) (noting defendant's good deeds, generosity, and acts of compassion). Moreover, the Court may impose a below guidelines sentence where the defendant's conduct falls outside of his life and character as a whole. *See*, *United States v. Benkahla*, 501 F. Supp. 2d 748, 761 (E.D. Va. 2007) (holding that defendant's "significant number of strong, positive relationships with friends, family, and the community" as wells as numerous letters "attesting to his honor, integrity, moral character, opposition to extremism, and devotion to civic duty" are all factors that weigh heavily in favor of a below-guidelines sentence).

Taken as a whole, Mr. Bareswill's history and characteristics—his strong family ties, his exceptional moral and ethical standards, civic-mindedness, and compassionate and generous nature—certainly compel a below-guidelines sentence.

### The Need for the Sentence Imposed to Reflect the Seriousness of the Offense Promote Respect for the Law, to Provide Just Punishment and to Afford Adequate Deterrence to Criminal Conduct

Mr. Bareswill certainly understands the seriousness of this offense and the harm he caused. He acknowledges the pain he carelessly and needlessly inflicted on these innocent people. He will live with that shame every day of his life. Mr. Bareswill offers his humblest apologies and prays that someday he will be forgiven for what he did.

Mr. Bareswill has been in jail for nearly five months and in that time he has repented and he has suffered. Indeed, Mr. Bareswill has already paid a heavy price for

his crime. Mr. Bareswill has been locked down in a maximum security cell.  He has been threatened and attacked by other inmates.  He has had urine and excrement thrown at him and on him and he lives in constant fear for his safety.  Mr. Bareswill has been humiliated and humbled.    In addition, Mr. Bareswill was infected with COVID-19 and was forced to endure nearly two weeks of misery with virtually no medical care.  To look at him now after these five harrowing months one might think he has spent five years at hard labor instead of five months in local custody.

While the Court has a duty to impose a sentence that provides for adequate deterrence to criminal conduct, it is not necessary, nor is the Court required, to impose a period of incarceration to achieve that goal.   *See*, *United States v. Edwards*, 595 F.3d 1001, 1016 (9th Cir. 2010) (noting that §3553 does not require that the goal of general deterrence be met through a period of incarceration and upholding district court's sentence of probation and restitution despite a guidelines range of 27-33 months and despite the fact that defendant had a felony record for a similar offense).

Given the punishment he has already borne, however, there is no need to incarcerate Mr. Bareswill in prison for any additional period in order to achieve those goals of sentencing.  In this case, the time Mr. Bareswill has served is more than sufficient to punish and deter.

Further, as noted above, Mr. Bareswill is now a convicted felon.  In this case, the felony conviction itself affords significant deterrence from future criminal conduct.  The loss of his business and the harm to his reputation, while impossible to quantify specifically, are also undoubtedly substantial.  Likewise, the shame and embarrassment

Mr. Bareswill has suffered and will continue to suffer is significant and should not be discounted. *See*, *United States v. Anderson*, 533 F.3d 623, 633 (8th Cir. 2008) (holding that the district court, in fashioning a below-guidelines sentence, properly considered a number of "atypical" punishments defendant suffered including loss of his reputation and business).

In a similar vein, the Court must seek to impose a sentence that will protect the public from future crimes by Mr. Bareswill.  Unquestionably, there is no need to impose a prison sentence to achieve that end.  Mr. Hoeflein presents none of the factors that signify a high risk of recidivism. His criminal record consists of two DUI offenses from the 1980's. He has never used hard drugs and has no current issues with alcohol abuse.

Furthermore, Mr. Bareswill has a strong family and social support system.   His wife and children as well as numerous friends and other family are in his corner supporting him.  Most importantly, Mr. Bareswill has learned from his regretful actions and he has demonstrated significant remorse and acceptance of responsibility.  His greatest desire is to put this ordeal behind him as a valuable, though costly, lesson learned and to move on with his life.

All these factors signify that there is virtually no likelihood that Mr. Bareswill will reoffend or violate any of the terms the Court imposes upon him.  Furthermore, all of these factors, along with Mr. Bareswill's characteristics and background also confirm that a sentence of six months imprisonment and six months home confinement  is a just punishment and is more than sufficient to deter future unlawful conduct.

## The Need to Provide Mr. Bareswill with Educational or Vocational Training, Medical Care, or Other Correctional Treatment

As noted above, there are no issues with respect to drug or alcohol abuse that the Court needs to address.  Nor is Mr. Bareswill in need of educational or vocational training.  He does have some health issues, including high blood pressure and high cholesterol. For which he is prescribed medication.  Mr. Bareswill also suffered a heart attack in 2018 and the recent bout of COVID-19.  It remains to be seen whether he will have any long-term issues stemming from either of these events.

Should the Court impose any period of incarceration on Mr. Bareswill, he asks that the Court do everything in its power to ensure that he receives the proper medical care and treatment, as well as access to mental health counseling.

## The Sentencing Range Established for the Offense

The Pre-sentence Report sets forth a total offense level of 13 and criminal history category of I.  The resulting guideline range is 12 to 18 months.  Even the low end of this reduced range represents a sentence greater than necessary to meet the mandates of § 3553.  It is not necessary to punish harshly to promote respect for the law.  In this case, a sentence of imprisonment will serve to no one— not society, and certainly not Mr. Bareswill.  In all likelihood such a sentence would have the opposite effect.  *See*, *Gall v. United States*, 552 U.S. 38, 54 (2007)  (recognizing that a sentence of imprisonment may also serve to "promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances" of the case).

Accordingly, Mr. Bareswill asks that the Court to impose a sentence of six months incarceration, six months home confinement, a fine, community service, and supervised release.

## **CONCLUSION**

For the reasons set forth above, the Defendant, John Malcolm Bareswill, by counsel respectfully submits that a split sentence consisting of six months incarceration, six months home confinement, a fine, community service, and supervised release, will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully submitted,

JOHN MALCOLM BARESWILL
By Counsel

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for John Malcolm Bareswill
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew C. Bosse, Esquire
Supervisory Assistant U. S. Attorney
*Office of the United States Attorney*
101 West Main Street, Suite 8000
Norfolk, VA 23510

_____/s/_____
James O. Broccoletti, Esquire

12

VSB# 17869
Counsel for John Malcolm Bareswill
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

   I hereby certify that on the 5th day of November, 2020, I caused a true and correct copy of the foregoing Motion to be mailed to the following non-filing user:

Jeffrey A. Noll
Senior U.S. Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for John Malcolm Bareswill
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

13